1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TERRENCE R. HIGBEE,                    No.  2:19-cv-1176-KJN

12                  Plaintiff,              ORDER

13         v.                               (ECF Nos. 25, 29.)

14   COMMISSIONER OF SOCIAL
     SECURITY,
15
                    Defendant.
16

17         Plaintiff seeks judicial review of a final decision by the Commissioner of Social Security

18   denying his application for Disability Insurance Benefits.[1]  In his summary judgment motion,

19   plaintiff contends the Administrative Law Judge erred by improperly rejecting his subjective

20   symptom testimony, which affected the findings of disability at Steps Four and Five.  Plaintiff

21   seeks a remand for a grant of benefits or for further proceedings.  The Commissioner opposed,

22   and filed a cross-motion for summary judgment, and seeks affirmance.

23         For the reasons that follow, the court GRANTS plaintiff's motion for summary judgment,

24   DENIES the Commissioner's cross-motion, and REMANDS the final decision of the

25   Commissioner for further proceedings consistent with this order.

26   ///

27

28
---
[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties
consented to proceed before a Magistrate Judge for all purposes.  (ECF Nos. 8, 17, 18, 22.)

1    **I.**      **RELEVANT LAW**

2           The Social Security Act provides for benefits for qualifying individuals unable to "engage

3    in any substantial gainful activity" due to "a medically determinable physical or mental

4    impairment."  42 U.S.C. §§ 423(d)(1)(a).  An ALJ is to follow a five-step sequence when

5    evaluating an applicant's eligibility, summarized as follows:

6                   **Step one**: Is the claimant engaging in substantial gainful activity?  If so,
                    the claimant is found not disabled.  If not, proceed to step two.
7                   **Step two**:  Does the claimant have a "severe" impairment?  If so, proceed
                    to step three.  If not, then a finding of not disabled is appropriate.
8                   **Step three**: Does the claimant's impairment or combination of
                    impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404,
9                   Subpt. P, App. 1? If so, the claimant is automatically determined disabled.
                    If not, proceed to step four.
10                  **Step four**:  Is the claimant capable of performing past relevant work?  If
                    so, the claimant is not disabled.  If not, proceed to step five.
11                  **Step five**:  Does the claimant have the residual functional capacity to
                    perform any other work?  If so, the claimant is not disabled. If not, the
12                  claimant is disabled.

13   Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995); see also 20 C.F.R. §§ 404.1520(a)(4).  The

14   burden of proof rests with the claimant through step four, and with the Commissioner at step five.

15   Ford v. Saul, 950 F.3d 1141, 1148 (9th Cir. 2020).

16          A district court may reverse the agency's decision only if the ALJ's decision "contains

17   legal error or is not supported by substantial evidence."  Id. at 1154.  Substantial evidence is more

18   than a mere scintilla, but less than a preponderance, i.e., "such relevant evidence as a reasonable

19   mind might accept as adequate to support a conclusion."  Id.  The court reviews the record as a

20   whole, including evidence that both supports and detracts from the ALJ's conclusion.  Luther v.

21   Berryhill, 891 F.3d 872, 875 (9th Cir. 2018).  However, the court may review only the reasons

22   provided by the ALJ in the decision and may not affirm on a ground upon which the ALJ did not

23   rely.  Id.  "[T]he ALJ must provide sufficient reasoning that allows [the court] to perform [a]

24   review."  Lambert v. Saul, 980 F.3d 1266, 1277 (9th Cir. 2020).

25          The ALJ "is responsible for determining credibility, resolving conflicts in medical

26   testimony, and resolving ambiguities."  Ford, 950 F.3d at 1154.  Where evidence is susceptible to

27   more than one rational interpretation, the ALJ's conclusion "must be upheld."  Id.  Further, the

28   court may not reverse the ALJ's decision on account of harmless error.  Id.

1    **II.      BACKGROUND AND ALJ'S FIVE–STEP ANALYSIS**

2            In August of 2016, plaintiff applied for Disability Insurance Benefits, alleging an onset

3    date of January 7, 2010 (later amended to January 28, 2016).  (Administrative Transcript ("AT")

4    143-46; 58)  Plaintiff claimed disability due to "Ulcerative Colitis [and] Back Problems."  (See

5    AT 59.)  Plaintiff's applications were denied initially and upon reconsideration, and she sought

6    review with an ALJ.  (AT 64; 71; 89.)  At a March 2018 hearing, plaintiff testified about his

7    conditions, and a vocational expert ("VE") testified about various available jobs.  (AT 26-57.)

8            On June 27, 2018, the ALJ issued a decision determining plaintiff was not disabled.  (AT

9    15-22.)  At step one, the ALJ concluded plaintiff had not engaged in substantial gainful activity

10   since January 28, 2016.  (Id.)  At step two, the ALJ determined plaintiff's colitis was severe, but

11   did not meet or medically equal the severity of an impairment listed in Appendix 1.  (AT 17-18,

12   citing 20 C.F.R. Part 404, Subpart P, Appendix 1).

13           The ALJ then found plaintiff had the residual functional capacity ("RFC") to perform a

14   full range of work at all exertional levels, except he "would require being no more than a five

15   minutes' walk from a restroom and additionally would require one unscheduled break over the

16   course of an 8-hour workday, of no more than 10 minutes duration."  (AT 18-19.)  In crafting this

17   RFC, the ALJ stated he considered the medical evidence and plaintiff's subjective symptom

18   testimony.  The ALJ noted plaintiff's testimony that he was on "medication for life" to control his

19   colitis and had 5-6 bowel movements per day.  The ALJ found plaintiff's colitis would affect his

20   ability to work, but not to the degree alleged.  Specifically, the ALJ reasoned that the record

21   indicated plaintiff's colitis was "benign or mild," that some of plaintiff's bowel movements

22   would occur before and after a workday, that plaintiff refused to use adult diapers, and that

23   plaintiff maintained "very robust activities of daily living."  The ALJ concluded plaintiff was

24   capable of performing past relevant work as a janitor, and alternatively found there were jobs in

25   the national economy he could perform, such as a kitchen helper, assembler, and packer; thus, the

26   ALJ found plaintiff was not disabled.  (AT 19-22.)

27           Plaintiff filed this action requesting judicial review of the Commissioner's final decision;

28   the parties filed cross-motions for summary judgment.  (ECF Nos. 1, 25, 29, 30.)

3

III.    **ISSUES PRESENTED**

Plaintiff contends the ALJ erred by improperly rejecting his subjective symptom testimony regarding his bowel movements.  Plaintiff argues that given his testimony, the ALJ could not have found him able to perform past relevant work or other jobs in the national economy.  Plaintiff seeks a remand for a grant of benefits or for further proceedings.  (ECF Nos. 25, 30.)

The Commissioner disagrees, arguing the ALJ properly considered plaintiff's subjective symptom testimony, and given the ALJ's legally sufficient RFC, properly found plaintiff able to work.  Thus, the Commissioner contends the decision as a whole is supported by substantial evidence and should result in affirmance.  (ECF No. 29.)

IV.    **DISCUSSION**

**Legal Standards**

In evaluating the extent to which an ALJ must credit the claimant's report of their symptoms, the Ninth Circuit has stated:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that [his] impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

Revels v. Berryhill, 874 F.3d 648, 655 (9th Cir. 2017) (quoting Garrison, 759 F.3d at 1014-15).

The ALJ's reasons for discounting or rejecting a claimant's subjective symptom testimony must be "sufficiently specific to allow a reviewing court to conclude the adjudicator . . . did not arbitrarily discredit a claimant's testimony."  Brown-Hunter v. Colvin, 806 F.3d 487, 483 (9th Cir. 2015) (quoting Bunnell v. Sullivan, 947 F.2d 341, 345-46 (9th Cir. 1991)).  Examples of "specific, clear and convincing reasons" for discounting or rejecting a claimant's subjective symptom testimony include: the effectiveness of or noncompliance with a prescribed regime of

4

medical treatment, prescription of conservative treatment, inconsistencies between a claimant's

testimony and conduct (including daily activities), and whether the alleged symptoms are

consistent with the medical evidence of record.  See Tommasetti, 533 F.3d at 1040; Lingenfelter

v. Astrue, 504 F.3d 1028, 1040 (9th Cir. 2007).  A lack of corroborating, objective medical

evidence alone is insufficient grounds for an ALJ to discount a claimant's subjective symptoms;

however, it is a factor the ALJ may consider.  See Rollins, 261 F.3d at 857 (citing 20 C.F.R

§ 404.1529(c)(2)).  A claimant's statements of subjective symptoms alone are insufficient

grounds to establish disability.  20 C.F.R § 404.1529(a).  If an ALJ was required to believe every

allegation of pain or impairment, disability benefits would run afoul of the Social Security Act

and its purpose.  See Treichler, 775 F.3d at 1106.

**Analysis**

Plaintiff disputes the ALJ's findings regarding how the ulcerative colitis affects plaintiff's

ability to work.  Specifically, plaintiff argues the ALJ:  (1) engaged in rank speculation when

determining "some of [plaintiff's] bowel movements would reasonably occur prior to and then

after a normal 8-hour workday"; (2) inappropriately relied on plaintiff's refusal to use adult

diapers, as that has nothing to do with the frequency and length of his alleged bowel movements;

(3) failed to identify any specific medical evidence that is actually inconsistent with the specifics

of plaintiff's testimony; (4) inappropriately relied on plaintiff's stated daily activities, such as

"grooming, self-care, exercise, and household chores," as those are not inconsistent with the fact

that plaintiff needs to take frequent, lengthy restroom breaks.

The court concurs with plaintiff's arguments regarding the clarity of the decision (as under

the Ninth Circuit's "clear and convincing" standards), finding this lack of clarity to be outcome

determinative.  As the court reads the decision, the ALJ appears to accept plaintiff's testimony

that he would have between 5-6 bowel movements a day, 3-4 of which would be before noon.

(See AT 20 ("The undersigned accepts the claimant's report . . . .").)  The ALJ found "some of

[plaintiff's] bowel movements would reasonably occur prior to and then after a normal 8-hour

workday."  (Id.)  The court disagrees the ALJ was engaging in "rank speculation" in making this

statement, as this a logical inference pulled from plaintiff's testimony.  (See AT 39 (plaintiff's

1    testimony that he has "between five and six" per day with "three to four in the morning from

2    when I wake up to around noon.").  However, the ALJ appears to ignore his own acceptance of

3    plaintiff's testimony, as the RFC only allowed for "one unscheduled break over the course of an

4    8-hour workday" in the RFC.  Even accepting plaintiff could also use his normal breaks, this

5    leaves a couple unscheduled breaks unaccounted for.  If plaintiff's testimony is to be believed,

6    either (a) the RFC would need to account for the number of breaks actually testified to during the

7    9-5 hours, or (b) the jobs referenced by the VE would need to be eroded to account for evening

8    work (assuming plaintiff could start work after the worst of his morning symptoms).

9         In addition, nowhere in the decision can the court find the ALJ actually resolving

10   plaintiff's testimony regarding the length of each needed bathroom break.  There was some

11   discussion at the hearing about the length of time plaintiff allegedly needs, ranging from between

12   10-30 minutes at a time.  (See AT 49 (plaintiff's testimony that he "could sit there for a half

13   hour," but that "if things are working fact [sic], I can get out of there in maybe . . . 10 minutes.").)

14   Despite this discussion, the decision then appears to accept that 10 minutes is the length of time

15   plaintiff needs, as that is what the RFC reflects.  (AT 18-19 (stating plaintiff would require "one

16   unscheduled break over the course of an 8-hour workday, of no more than 10 minutes duration.).)

17   It is unclear why 30-minute breaks were rejected.  Brown-Hunter, 806 F.3d at 483 (noting the

18   ALJ's reasons for discounting or rejecting a claimant's subjective symptom testimony must be

19   "sufficiently specific to allow a reviewing court to conclude the adjudicator . . . did not arbitrarily

20   discredit a claimant's testimony.").  This is particularly vexing because it was established at the

21   hearing, per the VE's testimony, that a person requiring two 10-minute unscheduled breaks could

22   still work, but someone requiring two 30-minute unscheduled breaks could not.  (See AT 54

23   ("ALJ: And is it -- has your testimony been -- what would be the level where such unscheduled

24   breaks would be work preclusive? Would it be 30 minutes per day?  [VE]: I believe an hour

25   would preclude employment.").)  More rationale is required so all parties can be satisfied the ALJ

26   is not simply constructing a result to fit a non-disability finding.

27        The Commissioner argues the ALJ provided sufficient rationale to discount the more

28   severe aspects of plaintiff's testimony concerning the frequency and length of plaintiff's bowel

1    movements, in that they were inconsistent with the sparse amount of medical evidence, the

2    "relatively modest" nature of plaintiff's condition "as demonstrated by his unwillingness to use

3    adult diapers," (ECF No. 29 at 9), and plaintiff's "very robust daily activities." (AT 20.)

4         The Commissioner is correct that these categories are generally acceptable to a court when

5    reviewing the ALJ's rationale. (See Legal Standards, above). However, the problem lies in this

6    specific decision's lack of clear and convincing[2] rationale to support the ALJ's ultimate findings

7    and Commissioner's argument. Even inferring the ALJ's citation to medical records in the step

8    two discussion (AT 18) counts as some finding that plaintiff's testimony about the frequency and

9    length of his bathroom breaks, the regulations do not allow for discounting severe symptom

10   testimony solely because of a lack of corroborating, objective medical evidence. See Rollins, 261

11   F.3d at 857. The ALJ's citation to plaintiff's "very robust activities" of daily living (plaintiff's

12   ability to walk and bike for 30 minutes, workout twice a week, do dishes, drive to the store, and

13   perform household chores, AT 20) might qualify—had the ALJ performed the required analysis.

14   However, as plaintiff argues, the ALJ's general citation to those activities fail to describe why

15   they show plaintiff does not need multiple, immediate, lengthy breaks. See Orn v. Astrue, 495

16   F.3d 625, 639 (9th Cir. 2007) (finding that the mere fact that someone can carry out some daily

17   activities does not detract from their disability); see also Burrell v. Colvin, 775 F.3d 1133, 1138

18   (9th Cir. 2014) ("[T]he ALJ did not elaborate on *which* daily activities conflicted with *which* part

19   of Claimant's testimony."). As to plaintiff's refusal to wear diapers, the discussion about this

20   issue appears related more to plaintiff's ability to get to a restroom quickly, not to the fact that

21   plaintiff would be required to sit in a used undergarment for 30 minutes because he had already

22   taken his one unscheduled break. If there is more to the ALJ's rationale on this last issue than the

23   court sees, clarity is required to meet the Ninth Circuit's standards. Brown-Hunter, 806 F.3d at

24   483.

25   ///

26   ───────────────

27   [2] At times, the undersigned has noted the Commissioner disputes the foundation of the Ninth
     Circuit's standards, though these arguments are not proffered in this case. Regardless, even under
     a more relaxed standard, the court still believes it would find error here, given the fact that the
28   ALJ failed to give any rationale as to why 30 minutes was not the length plaintiff actually needs.

1 | **Remedy**

2        To be clear, the court is not determining plaintiff is in fact disabled.  A claimant's

3 statements of subjective symptoms alone are insufficient grounds to establish disability.  20 C.F.R

4 § 404.1529(a).  It appears the ALJ accepted a portion of plaintiff's testimony as true (regarding

5 frequency of needed breaks), but there are outstanding questions as to the length of these breaks

6 and how that affects plaintiff's ability to work.  Further, it is possible for an ALJ to discount the

7 severe aspects of plaintiff's testimony when considering the medical evidence, daily activities,

8 failure to seek treatment, or other such rationale.  These tasks are for the ALJ, but require a clear

9 rationale for doing so.  <u>Ford</u>, 950 F.3d at 1154.  Thus, to plaintiff's request that the court credit

10 his testimony as true and remand for benefits, this would be inappropriate.  Instead, remand for

11 further proceedings is required so the ALJ can set forth a proper rationale on plaintiff's symptom

12 testimony and, by extension, his disability allegations.

13 | **ORDER**

14        Accordingly, IT IS HEREBY ORDERED that:

15     1.    Plaintiff's motion for summary judgment (ECF No. 25) is GRANTED;

16     2.    The Commissioner's cross-motion (ECF No. 29) is DENIED;

17     3.    The final decision of the Commissioner is REVERSED AND REMANDED for

18         further proceedings; and

19     4.    The Clerk of Court is directed to CLOSE this case.

20 Dated:  November 2, 2022

21

22 KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

23

24 higb.1176

25

26

27

28